Zhilbert KHACHIKIAN;
et al., Petitioners,

v.

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–72987.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2005.

Zhilbert Khachikian, Glendale, CA, pro
se.

Regional Counsel, Laguna Niguel, CA,
CAC–District Counsel, Esq., Los Angeles,
CA, Ronald E. LeFevre, Chief Counsel,
San Francisco, CA, Richard M. Evans,
Esq., Marion E. Guyton, Attorney, John L.
Davis, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and
GOULD, Circuit Judges.

MEMORANDUM ***

Zhilbert Khachikian and his family, na-
tives and citizens of Iran, petition pro se
for review of the Board of Immigration
Appeals' ("BIA") denial of their motion to
reopen proceedings. We have jurisdiction
pursuant to 8 U.S.C. § 1252. We review
for abuse of discretion the denial of a
motion to reopen, *Celis–Castellano v. Ash-
croft*, 298 F.3d 888, 890 (9th Cir.2002), and
will reverse the BIA's decision only if it is
"arbitrary, irrational, or contrary to law,"
*Singh v. INS*, 295 F.3d 1037, 1039 (9th
Cir.2002), *cert. denied*, 539 U.S. 941, 123

---

* Alberto Gonzales is substituted for his prede-
cessor, John Ashcroft, as Attorney General of
the United States, pursuant to Fed. R.App. P.
43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

S.Ct. 2605, 156 L.Ed.2d 626 (2003). We deny the petition for review.

On July 22, 2003, the BIA denied the petitioners' motion to reopen. The petitioners timely filed a petition for review with this Court on August 20, 2003. The petitioners also filed a motion with the BIA to reconsider its denial of the motion to reopen, which the BIA denied on October 2, 2003. Because the petitioners only petitioned for review of the BIA's July 22, 2003 order, this Court cannot consider the BIA's subsequent denial of their motion to reconsider or the BIA's prior dismissal of their appeal from the immigration judge's underlying decision denying asylum on adverse credibility grounds. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

■ The BIA did not abuse its discretion in denying the petitioners' motion to reopen because the evidence the petitioners submitted with regard to country conditions in Iran was similar, and in some cases identical, to the evidence they originally presented to the immigration judge. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen shall not be granted unless the evidence "offered is material and was not available and could not have been discovered or presented at the former hearing").

■ Furthermore, the BIA did not abuse its discretion in denying the motion to reopen on the grounds of ineffective assistance of counsel because the petitioners failed to meet the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Castillo–Perez*

*v. INS*, 212 F.3d 518, 525–26 (9th Cir. 2000).

PETITION FOR REVIEW DENIED.